# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

ALISHA VANWEY                                                                    PETITIONER

v.                                                                    No. 3:14CV194-MPM-DAS

CHRISTOPHER EPPS, ET AL.                                                       RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Alisha Vanwey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Vanwey has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

On May 29, 2007, Alisha Vanwey entered a plea of guilty to three counts of sale of hydrocodone within 1,500 feet of a park, as a habitual offender under Miss. Code Ann. 99-19-81, in Cause No. 2007-325 in the Circuit Court of DeSoto County, Mississippi. On October 2, 2007, under this plea, Vanwey was sentenced to serve a term of eleven years on each count as a habitual offender, to run concurrently with each other.[1] The sentencing order is dated September17, 2007; however, it is stamped as filed in the DeSoto County Circuit Court Clerk's Office on October 2, 2007. The court will give the petitioner the benefit of the doubt by using the later date in its timeliness calculation.

---

[1] Vanwey also pled guilty to the sale of a controlled substance in DeSoto County Circuit Court Cause No. CR2007-222CD and was sentenced to a term of ten years of post-release supervision, with five years reporting, to run consecutively with her sentence in CR-2007-325. It is clear from her pleadings that Vanwey is not challenging this second conviction and sentence (CR2007-222CD).

On March 12, 2008, Vanwey, through counsel, filed a "Petition for Post-Conviction Relief" in DeSoto County Circuit Court Cause No. CR2007-325-C(D). On May 9, 2008, the circuit court dismissed Vanwey's petition without prejudice for failure to comply with the requirements of Miss. Code Ann. §99-39-9(1) and § 99-39-9(3). On August 6, 2008, Vanwey's attorney filed another "Petition for Post Conviction Relief," docketed in DeSoto County Circuit Court Cause No. CV2008-258, challenging her pleas and sentences in Cause No. CR2007-325. On August 26, 2009, this motion was denied. Vanwey appealed this decision and, on March 1, 2011, the Mississippi Court of Appeals affirmed the circuit court's decision. *Vanwey v. State*, 55 So.3d 1133 (Miss.Ct.App. 2011) (Cause No. 2009-CA-01544-COA and 2009-CA-01546-COA). On March 22, 2011, the appellate court's mandate was issued.

Vanwey later filed a *pro se* "Motion for Post Conviction Collateral Relief" in DeSoto County Circuit Court Cause No. CV2011-326RCD, which she signed on September 13, 2011. This motion was dismissed with prejudice by the circuit court on January 5, 2012. Vanwey appealed this decision, and the Mississippi Court of Appeals affirmed. *Vanwey v. State*, 2013 WL 4055366 (Miss.Ct.App. 2013), *reh'g. denied* November 19, 2013 (Cause No. 2012-CP-00668-COA). Vanwey then filed another *pro se* "Motion for Post Conviction Collateral Relief Pursuant to Intervening Decision by United States Supreme Court" in DeSoto County Circuit Court Cause No. CV2012-345GCD, signed on October 29, 2012. The circuit court dismissed this motion on April 30, 2013. The Mississippi Court of Appeals affirmed the dismissal. *Vanwey v. State*, 147 So.3d 367 (Miss.Ct.App. 2014), *reh'g. denied* September 16, 2014 (Cause No. 2013-CP-00818-COA).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Vanwey is entitled to statutory tolling for 30 days, the amount of time during which she could have sought appellate review of her guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As such, Vanwey's petition became final thirty days from the date on which she was sentenced on her guilty plea – November 1, 2007. Thus, the new deadline for Vanwey to seek federal *habeas corpus* relief became November 3, 2008.[2] Vanwey's March 12, 2008, "Petition

---

[2] Adding a year to November 1, 2007, yields a date of Saturday, November 1, 2008. As such, the court will use the next business day, Monday, November 3, 2008, in the calculation of the federal

for Post-Conviction Relief" was filed without meeting any of the requirements of Miss. Code Ann. § 99-39-9(1) or § 99-39-9(3) (which involve the contents of the pleading and its submission under oath) – and was dismissed for that reason. Therefore, it was not properly filed and does not warrant statutory tolling under the Antiterrorism and Effective Death Penalty Act. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. . . .") On the other hand, Vanwey's August 6, 2008 "Petition for Post-Conviction Relief," docketed in DeSoto County Circuit Court Cause No. CV2008-258, tolled the AEDPA's limitations period for 958 days, the time it was pending before the state courts (August 6, 2008, through March 22, 2011).[3] This tolling moved the federal *habeas corpus* deadline to June 20, 2011.[4] Vanwey sought state post-conviction collateral relief in several cases filed after June 20, 2011; however, as they were filed beyond the federal *habeas corpus* deadline, they do not toll the limitations period, which remains June 11, 2011.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

---

*habeas corpus* deadline.

[3] Vanwey filed another petition for post-conviction relief on August 6, 2008, but it mounted a challenge to convictions not currently before the court – and has no effect on the calculation in this case.

[4] Again, the calculation yielded a weekend due date, Sunday, June 19, 2011; as such the court will use the next business day, Monday, June 20, 2011, in determining the final federal *habeas corpus* deadline.

- 4 -

*Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 2, 2014, and the date it was received and stamped as "filed" in the district court on September 4, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over three years after the June 20, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of February, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**